**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, et al., | No. CV-10-605-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Provident Funding Associates L.P., et al., | |
| Defendant. | |

Currently pending before the Court are Plaintiff AOM Group LLC, individual and as Trustee of Stemar Land Trust, Steven J. Von Prisk and Marisssa L. Von Prisk, beneficiaries' ("the AOM Group") Emergency Motion for Remand, (Doc. 10), and AOM Group's Motion for Leave to Amend Complaint. (Doc. 27). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

Under the circumstances of this case, amendment may only occur by "leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Court's apply Rule 15(a) with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Meaning, there is generally a strong presumption in favor of granting a party leave to amend. See id. at 1052. In determining the propriety of a motion for leave to amend, courts consider five factors. Manzarek v. St. Paul Fire & Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008). These

1 | factors include (1) bad faith on the part of the moving party; (2) undue delay; (3) prejudice to the non-moving party; (4) whether the moving party has previously amended his complaint; and (5) the apparent futility of any proposed amendment. <u>DCD Programs, Ltd. V. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has instructed that this "determination should generally be performed with all inferences in favor of granting the motion." <u>Griggs v. Pace Amer. Group, Inc.</u>, 170 F.3d 877, 880 (9th Cir. 1999).

After carefully reviewing all relevant pleadings in this matter, the Court is of the firm opinion that Plaintiff AOM Group lacks the requisite standing needed to pursue its claims against all of the Defendants, and as such, any attempt to amend its Complaint would be futile. Moreover, because the AOM Group does not possess a cognizable legal interest in the subject matter of the litigation, dismissal of its Complaint is required. Whether a party has standing under Article III of the Constitution is a "threshold jurisdictional question" that a court must decide before it may consider the merits. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102 (1998). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). The party seeking jurisdiction bears the burden of establishing standing. <u>Id.</u> at 561. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." <u>Id.</u> Because federal courts are courts of limited jurisdiction, the presumption is that they lack jurisdiction unless the party asserting jurisdiction establishes it. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). At an "irreducible constitutional minimum," standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury. <u>Lujan</u>, 504 U.S. at 560-61. According to the Complaint, the AOM Group had no involvement whatsoever in the lending process. It was Steven J. Von Prisk and Marisssa L. Von Prisk who took entered into a loan on the property in what appears to be their individual capacity, and the allegations

in the Complaint all stem from that financing, and the Von Prisks are not parties to this lawsuit in that capacity.[1] Because the Plaintiff AOM Group are strangers to the Von Prisks' loan, they lack the jurisdiction to litigate claims on their behalf, and dismissal is required.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff AOM Group LLC, individual and as Trustee of Stemar Land Trust, Steven J. Von Prisk and Marisssa L. Von Prisk, beneficiaries' ("the AOM Group") Emergency Motion for Remand. (Doc. 10)

**IT IS FURTHER ORDERED** denying AOM Group's Motion for Leave to Amend Complaint. (Doc. 27).

///

---

[1] The Court notes that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by a Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC v. Loancity, 2:10-cv-00088-GMS; AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd. ,2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. As to the two remaining open cases before other Judges: in AOM Group, LLC v. Countrywide Home Loans, Inc., 10-cv-00514-GMS, Judge Snow has issued a pending order to show cause why the case should not be dismissed for the AOM Group's failure of to comply with a court order, 10-cv-00514-GMS, Doc. 34, and in AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB, Judge Bolton dismissed the AOM Group's claims against one of the defendants on res judicata grounds, while also sanctioning the AOM Group and its counsel, Mr. Richard Clark, for asserting claims that were patently frivolous. See 2:10-cv-00094-SRB, Doc. 32. It appears, after reviewing the pleadings in this case and other cases that the AOM Group operates as nothing more than a complex ruse designed to frustrate and delay otherwise lawful non-judicial foreclosures in the State of Arizona.

1 **IT IS FURTHER ORDERED** directing the Clerk to close this case and enter
2 judgment accordingly.
3 DATED this 25th day of August, 2010.

Mary H. Murguia
United States District Judge