**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, ) | No. CV 10-605-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Provident Funding Associates L.P, et al., ) | |
| Defendant. ) | |

Currently pending before the Court is Defendant Wells Fargo Bank N.A.'s Motion for Sanctions and Award of Attorneys' Fees. (Doc. 38), filed on September 8, 2010. As of this date, no responsive memorandum has been filed by Plaintiff. After reviewing the motion and the memorandum in support of the motion (Doc.42) and the relevant case law, the Court issues the following order.

On March 19, 2010 Plaintiff Filed an Amended Complaint alleging (1) wrongful foreclosure; (2) quiet title; (3) fraudulent misrepresentation; (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy to commit fraud; (7) fraud; (8) breach of contract; (9) violation of the Arizona Consumer Fraud Act; (10) violation of Arizona Assignment and Satisfaction of Mortgage Law and invalid deed of trust; and (11) violation of the Uniform Commercial Code, ARS 47-3100 et. seq., and Arizona's Recording Statute. Plaintiff also sought a Declaratory Judgment declaring the Arizona Deed of Trust Statute to be

unconstitutional. (Doc. 8). On August 25, 2010 the Court dismissed Plaintiff's Amended Complaint in its entirety for lack of standing, and judgment was entered against Plaintiff on that same day. (Docs. 36, 37).

Defendant Wells Fargo Bank N.A. filed a Motion for Sanctions and Award of Attorneys' Fees on September 8, 2010 as well as a memorandum in support of the motion. (Docs. 38 and 42). Defendant moves for an award of reasonable attorneys' fees as the successful party in a contested action arising out of a contract. A.R.S. § 12-341.01(A). Defendant Wells Fargo Bank also moves for sanctions against Plaintiff and Plaintiff's counsel pursuant to Rule 11, Fed.R.Civ.P. 28 U.S.C. § 1981, and this Court's inherent authority. Defendant alleges that this sanction is justified by the bad-faith prosecution of this lawsuit. Plaintiff has filed a number of similar claims, most of which were dismissed based on lack of standing, and in some of which attorneys' fees and/or sanctions were awarded.[1] Defendant also outlines why an attorneys fee award is proper under the factors outlined under LRCiv.P. 54.2. Since Defendant's Motion for Attorneys' Fees was filed, Plaintiff has not filed a response.

Defendant Wells Fargo Bank N.A. seeks an award of attorneys's fees in the amount

---

[1] Indeed, the Court notes that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC, v. Loanacity, 2:10-cv-00088-GMS; AOM Group, LLC. v. Coastal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC;  AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. In AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB attorneys' fees and sanctions were awarded. In AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS, the Motion for Sanctions was denied, but Judge Snow expressly stated that the Defendant would be able to seek attorneys' fees.

1  of $22,993.50 for attorney and paralegal time.  The request is supported by affidavits and
2  billing statements specifying hours worked, tasks performed and rates charged (Doc. 42,
3  Exhib. C), as required under  Fed.R.Civ.P. 54(d)(2) and LRCiv.P. 54.2.  The Court finds
4  these fees reasonable.

5  Under  LRCiv P.  7.2(I), however, "if the opposing party does not serve and file the
6  required answering memorandum, . . . such noncompliance may be deemed a consent to the
7  denial or granting of the motion and the Court may dispose of the motion summarily."
8  Pursuant to this rule, the Court deems Plaintiff's failure to serve and file the required
9  answering  memorandum a consent to the granting of the Defendant's Motion for Sanctions
10  and Award of Attorneys' Fees.

11  Accordingly,

12  **IT IS HEREBY ORDERED** granting Defendant's Motion for Sanctions and Award
13  of Attorneys' Fees. (Docs. 38, 43)

14  **IT IS FURTHER ORDERED** awarding Defendant Wells Fargo, N.A. $22,993.50
15  in attorneys' fees.

16  **IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

17  DATED this 31st day of March, 2011.

_____
Mary H. Murgula
United States District Judge